IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

IVAN LEON BUSTILLOS                                                    PETITIONER

VS.                        CASE NO. 5:14CV00340 BSM/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Ivan Leon Bustillos seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Bustillos is currently in the custody of the Arkansas Department of Correction (ADC) as a result of conviction, following a jury trial in Lonoke County Circuit Court, for possession of cocaine with intent to deliver. Mr. Bustillos was sentenced to forty years' imprisonment. On direct appeal, Mr. Bustillos raised two claims for relief: (1) insufficient evidence to support his conviction; and (2) the state failed to plead a specific drug quantity in the charging document, which was an essential element of the offense. The Arkansas Court of Appeals affirmed the conviction. *Bustillos v. State*, 2012 Ark. App. 654. The petitioner filed a petition for a writ of certiorari in the United States Supreme Court, alleging the evidence was insufficient to support his conviction, and that the information charging him was defective for failing to allege an amount of cocaine. The petition was denied. *Bustillos v. Arkansas*, 134 U.S. 74 (Oct. 7, 2013).

Now, Mr. Bustillos seeks federal habeas corpus relief, alleging the same claims for relief which were raised on direct appeal:

1. Insufficiency of the evidence; and
2. The state failed to allege an element of the offense when it failed to allege a drug amount.

The respondent contends these grounds are without merit.

**Insufficient Evidence:** The Arkansas Court of Appeals considered Mr. Bustillos' challenge

to the sufficiency of the evidence:

    Christian Leon Bustillos and Ivan Leon Bustillos, who are brothers, appeal from their convictions by a Lonoke County jury for possession of a controlled substance, cocaine, with intent to deliver. They argue on appeal that the trial court erred in denying their motions to dismiss and that the quantity of cocaine possessed is a necessary element of the crime that was not pled by the State in the information. We affirm the judgment of the trial court as to Ivan Bustillos, reverse the judgment of the trial court as to Christian Bustillos, and dismiss the charge against Christian Bustillos.

    Appellants were charged by information with one count of possession of a controlled substance, cocaine, with intent to deliver. The information does not allege that appellants possessed a specific amount of cocaine. Appellants were tried together. At the trial, Sergeant Dennis Overton with the Arkansas State Police testified that on December 18, 2011, he pulled over an older-model, white, two-door sport-utility vehicle with an Arizona license plate traveling on Interstate 40. Ivan was the driver and Christian was riding in the front passenger's seat, Sergeant Overton stopped the vehicle for impeding the flow of traffic and failure to signal a lane change. The vehicle was registered to Ivan and had been registered only two days before in Arizona. The insurance policy on the vehicle was a thirty-day policy. Sergeant Overton testified that recently purchased vehicles are often used by people trafficking narcotics. Although appellants indicated to Sgt. Overton that they were traveling from Arizona to Indiana to visit a third brother, they were carrying what the sergeant described as a very small amount of luggage. Both men drove the vehicle during the trip. There were also new Marine Corps stickers on the back of the vehicle, which Sergeant Overton explained are commonly used as "disclaimers"—items on or inside a vehicle that are aimed at earning approval from law-enforcement officials. Christian had previously served in the Marine Corps.

    Sergeant Overton testified that he took Ivan to his vehicle to speak with him and, during the conversation, Ivan was extremely nervous and sweating profusely. According to Sgt. Overton, Christian was very nervous as well, he would not make eye contact with Sgt. Overton. Sergeant Overton stated that the level of nervousness the men displayed was different from that which people usually display during a traffic stop. Ivan told the sergeant that they were going to visit their brother in Indiana because he had been in a car accident, although he had only sustained bumps and bruises. Ivan gave consent for Sgt. Overton to search the vehicle. Ivan told Sgt. Overton that he had purchased the vehicle from a friend.  Christian indicated to Sgt. Uverton that he did not know how Ivan had purchased the vehicle. Ivan told Sgt. Overton that they would be staying with their brother and that no one else would be there, however, Christian told the sergeant that they might be staying in a hotel because there were going to be a bunch of people at their brother's home.

    While he was searching the vehicle, Sgt. Overton noticed that the carpet inside the vehicle had been moved. He also noticed that the back seat of the vehicle had been removed very recently. He stated that he knew this because the bolts holding the seat in place had recently been removed. Ivan told Sgt. Overton that he had some work done on the vehicle after he bought it due to problems with the starter or battery. When he shined a light into the interior side molding, Sgt. Overton saw

spray-foam insulation, which he testified is an indication that there are narcotics in the vehicle. He further testified that the foam had recently been put inside the vehicle. When he used a fiber-optic scope inside the seatbelt-well on the driver's side, he saw a green bundle. A bundle was not visible on the passenger's side. At that point, Sgt. Overton placed both men under arrest. After the car was taken to a shop, three bundles of cocaine were removed from the interior. Two of the bundles were located on the driver side and one bundle was located on the passenger's side, Gene Bangs with the Arkansas State Crime Laboratory testified that 3008.5 grams of cocaine were removed from the vehicle. The State entered Bangs's report into evidence without objection from appellants.

After the State rested, appellants moved for a directed verdict, arguing that the State failed to prove that they possessed the cocaine. The motions were denied. Christian testified that Ivan picked him up for the trip and that he had not seen the vehicle prior to that time. He also testified that he was more cold than nervous during the stop and that he does not make eye contact with people because he is shy. He denied any knowledge of the drugs found in the vehicle. After the close of the evidence, appellants renewed their motions for directed verdict, which were denied.

Before the case was submitted to the jury, appellants objected to the portion of the verdict forms that required the jury to determine the amount of cocaine they possessed, which would then determine the sentencing range. They argued that, because the State did not allege an amount possessed in the information, they could only be found guilty of possessing the minimum amount and proffered alternate sentencing-stage jury instructions. The jury found both appellants guilty. The trial court elected not to give appellants' proffered sentencing instructions. The jury recommended that both appellants be sentenced to forty years' imprisonment. On December 8, 2011, the trial court entered separate judgment and commitment orders in which it sentenced both appellants to forty years' imprisonment. This appeal followed.

Appellants' first point on appeal is that the trial court erred in denying their motions for directed verdict because the State failed to prove that they possessed the cocaine. On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Sims v. State,* 2012 Ark. App. 472, 2012 WL 4009602. We will affirm the circuit court's denial of a motion for directed verdict if there is substantial evidence, either direct or circumstantial, to support the jury's verdict. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *See id.* furthermore, this court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*

Prior to its repeal in 2011, after appellants committed the alleged offense, Arkansas Code Annotated section 5–64–401(a) (Repl.2005) provided that it was unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance. It is not necessary for the State to prove literal physical possession of drugs in order to prove possession, constructive possession—control of or right to control the contraband—is sufficient. *Mack v. State,* 2010 Ark. App. 514, 2010 WL 2522736. Constructive possession may be implied when contraband is in the joint control of the accused and another person. *Id.* Joint occupancy of an ordinary passenger vehicle,

4

> standing alone, is insufficient to establish possession or joint possession, there must be some other factor linking the accused to the contraband. *Id.* In cases involving automobiles occupied by more than one person, such additional factors include (1) whether the contraband is in plain view, (2) whether the contraband is found with the accused's personal effects, (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it, (4) whether the accused is the owner of the automobile, or exercises dominion and control over it, and (5) whether the accused acted suspiciously before or during the arrest. *Id.* Constructive possession may be established by circumstantial evidence. *George v. State,* 356 Ark. 345, 151 S.W.3d 770 (2004).
>
> We hold that the jury verdict finding Ivan Bustillos guilty of possession of a controlled substance with intent to deliver is supported by substantial evidence. The cocaine was found in a vehicle that was registered to Ivan. The vehicle was covered by an insurance policy that only lasted thirty days. The cocaine was found in a location that would take time and effort to access and was hidden in a manner that would not have been possible for a transient passenger. furthermore, Sgt. Overton gave specific details regarding how Ivan appeared nervous during the stop, specifically that he exhibited an extremely elevated heart rate and was sweating profusely despite the cold temperature. This evidence raises a reasonable inference that Ivan possessed the cocaine found in the vehicle. Therefore, the jury was not required to resort to speculation or conjecture in finding that Ivan committed the offense with which he was charged.

*Bustillos v. State*, 2012 Ark. App. 654, 1-6.

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

Here, the petitioner does not plead or prove that the Arkansas court ruling on the sufficiency of the evidence was contrary to, or involved an unreasonable application of, clearly established federal law. Although the state Supreme Court did not specifically cite federal law, that failure is not problematic as neither the court's reasoning nor result contradicts federal law. *See Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005). The applicable federal law requires the court to ask if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) [emphasis in original]. Having carefully reviewed the trial transcript, we find the Arkansas Supreme Court's ruling on sufficiency of the evidence is consistent with, and a reasonable application of the *Jackson v. Virginia* standard.

Mr. Bustillos has also not shown that the adjudication of the claim by the state Supreme Court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The record establishes that there is evidence of Bustillos' guilt. The testimony of the Arkansas State Police sergeant who stopped the car, along with the physical evidence in the form of over 3000 grams of cocaine, is ample evidence of the crime. Mr. Bustillos' attorney suggested that perhaps the cocaine was located in Ivan Bustillos' vehicle without his knowledge. The jury found the argument unpersuasive. We have thoroughly reviewed the trial record and find the evidence meets and exceeds the requirements of *Jackson v. Virginia*. There is no merit in the petitioner's first claim for relief.

**The state failed to allege an element of the offense when it failed to allege a drug amount:** The Arkansas Court of Appeals also considered this argument on direct appeal:

> Appellants' next point on appeal is that the amount of the controlled substance possessed is an element of the offense that must be pled by the State, and the failure of the State in this case to plead a specific amount of cocaine alleged to have been possessed limits the sentence that appellants may receive to the minimum allowed under the statute. To the extent that appellants are arguing that the information is insufficient, this point is not preserved for appellate review. Appellants' challenge to the sufficiency of the information was made after the case had been submitted to the jury. Challenges to the sufficiency of the charging

6

instrument must be raised before trial. *Dickinson v. Norris,* 2011 Ark. 413, 2011 WL 4635034 (per curiam).

To the extent that appellants are arguing that the issue is not the sufficiency of the information but rather the sentencing instructions given to the jury by the trial court, we find their argument to be without merit. A trial court's ruling regarding whether to submit jury instructions will not be reversed absent an abuse of discretion. *Mainard v. State,* 102 Ark.App. 210, 283 S.W.3d 627 (2008). Arkansas Code Annotated section 5–64–401(a)(1)(A)(I) (Repl.2005) provided that for possession of a Schedule I or II narcotic in an amount less than twenty-eight grams, the punishment was to be ten to forty years' imprisonment, or life. Possession of such a narcotic in an amount more than twenty-eight grams but less than 200 grams necessitated a sentence of fifteen to forty years' imprisonment, or life. Ark.Code Ann. § 5–64–401(a)(1)(B)(I). For possession of 200 to 400 grams, the punishment was twenty to forty years, or life. Ark.Code Ann. § 5–64–401(a)(1)(C)(I). Finally, for possession of more than 400 grams, the punishment was imprisonment for not less than forty years, or life. Ark.CodeAnn. § 5–64–401(a)(1)(D)(I). Appellants argue that each one of these sections delineated a separate offense and, because the State did not plead an amount possessed in the information, it was improper for the trial court to instruct the jury to apply any section other than section 5–64–401(a)(1)(A)(I) in determining the punishment to be assessed.

It is evident from our reading of the statute that each subsection was not intended to set out a separate offense. Violation of the statute was triggered by the manufacture, delivery, or possession with intent to manufacture or deliver, of a Schedule I or II narcotic. No matter the weight possessed, the offense was classified as a Class Y felony. The sole difference is that the punishment to be assessed varied depending on the amount of the narcotic possessed. The information put appellants on notice that section 5–64–401(a)(1) was the statute under which they were charged. That section clearly indicated the different punishments to be assessed based upon the amount of narcotic possessed. The State introduced, without objection, a lab report indicating that 3008.5 grams of cocaine were retrieved from the vehicle. The appellants were fully apprised by the statute under which they were charged that, if they were found guilty, the amount of narcotics the State proved they possessed would be used to assess their punishment. Appellants never challenged the evidence regarding the amount of narcotics retrieved from the vehicle. Instead, their defense was that they were unaware that there were any narcotics in the vehicle. Given that the applicable subsections of section 5–64–401 created mandatory minimum sentences as opposed to separate offenses, the trial court did not abuse its discretion by instructing the jury as it did.

Appellants' final argument is that if this court holds, as it does, that the applicable portions of section 5–64–401 created mandatory minimum sentences as opposed to separate offenses, the State's failure to plead a specific quantity of narcotics should still be considered a failure to plead a necessary element of the crime charged. However, appellants admit in their briefs that current case law from the Supreme Court of the United States is contrary to their position. The Supreme Court has held that whenever the severity of the punishment is linked to the presence or absence of an identified fact, that fact need not be proved beyond

> a reasonable doubt. *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). Appellants argue that a more recent case, *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should have been extended to overrule the holding in *McMillan.* However, *Apprendi* did not overrule the applicable holding in *McMillan.* As the amount of narcotics possessed is not a necessary element of the crime that must be pled in the information, appellants argument on this point is without merit.

*Bustillos v. State*, 2012 Ark. App. 654, 7-9.

As with the first claim, Mr. Bustillos must show the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). For his second claim, Mr. Bustillos cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013), as his basis for relief. The *Alleyne* decision dealt with a federal criminal statute and held that any fact that increases the mandatory minimum sentence is an "element' of the crime and must be submitted to the jury, not determined by a judge. *Alleyne* represents an extension of the principle set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a case cited by the petitioner and discussed by the Arkansas Court of Appeals in petitioner's direct appeal. Though petitioner would like to extend *Alleyne* to cover the facts of his case, there is no support for this proposition. There was no state court decision that was contrary to or an unreasonable application of clearly established federal law. Neither the *Alleyne* case nor other federal cases dictate that the manner of charging Mr. Bustillos was erroneous or violated his due process[1].

The Arkansas Court of Appeals unequivocally held that the amount of narcotics possessed was not a necessary element of the crime. State courts are the ultimate expositors of their own state's laws, and federal courts entertaining habeas corpus petitions are bound by the

---

[1] It is worth noting that the petitioner was on ample notice that he was charged with possessing a large quantity of cocaine with intent to deliver, that he did not dispute the amount of cocaine, and that his defense was he was unaware of the cocaine. When the chemist from the Arkansas State Crime Lab testified that there was over 3000 grams of cocaine in Bustillos' vehicle, this easily exceeded the statutory requirement of more than 400 grams.

construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances. *Mendiola v. Estelle*, 635 F.2d 487 (5th Cir. 1981). Here, there is no reason to reject the state court's construction and application of its statutes. There is no merit to the second claim[2] of Mr. Bustillos.

In summary, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied, as there is no merit to the grounds advanced by the petitioner.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  22   day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]The respondent argued that the second ground for relief should be dismissed as procedurally barred. We have opted to bypass the procedural bar analysis and address the claim on the merits. *See, McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990).